IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID J. DAVIS, JR., #582332 | § | |
| A.K.A. THUNDER CLOUD DAVIS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv79 |
| | § | |
| CHERYL KYLE, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

Plaintiff David J. Davis, Jr., a.k.a. Thunder Cloud Davis, a prisoner previously confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c). The present Memorandum Opinion concerns Defendant Orig's motion for judgment on the pleadings (docket entry #87) and the Plaintiff's response (docket entry #92).

### Plaintiff's Factual Claims Involving Dr. Orig

The complaint was filed on March 11, 2008. On June 10, 2009, the Court conducted an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The Plaintiff testified that he was diagnosed with hypoglycemia in 2004, but Dr. Kuykendall failed to record the diagnosis as a continuing medical need in his medical records. It is noted that Dr. Kuykendall testified that he neglected to record the Plaintiff's condition as a continuing medical need in the trial of *Davis v. DeFoor*, Civil Action No. 6:05cv242. The Plaintiff

1

testified that treatment in the form of snacks was discontinued because the diagnosis was not recorded. The Plaintiff testified that Dr. Orig subsequently reordered the treatment, but he likewise failed to record his condition as a continuing medical need in the medical records. The Plaintiff stressed that his condition has never been recorded as a continuing medical need, and he wants the diagnosis to be placed in the record.

The Plaintiff testified that Dr. Orig has examined him on several occasions. He ordered tests, and blood tests showed that he had low blood sugar and was a borderline diabetic. He sued Dr. Orig because he likewise failed to record his condition as a continuing medical need. Instead, Dr. Orig only ordered treatment for a twelve month period of time. In answer to a question about why it was significant to record the condition as a continuing medical need since treatment was ordered, the Plaintiff explained that treatment was discontinued when the twelve month period expired. He then had to start the process all over again in order to be placed back on the list for treatment.

The Plaintiff was asked to explain why he believes that the Defendant was deliberately indifferent, as opposed to simply being negligent for failing to make the entry into his medical records. The Plaintiff stated that the only thing that he knows is that he failed to make the entry and he failed to correct the problem when it was brought to his attention. The Plaintiff was also asked whether the failure to record the condition simply meant that Dr. Orig believed that it was unnecessary to record it since treatment was ordered. He again responded that the problem was that treatment was discontinued at the end of the treatment period and that he had to go without treatment for several months. The Plaintiff testified that when he suffers from low blood sugar, he experiences cold sweats, confusion, stuttering and shaking. The Plaintiff testified that he is currently receiving treatment, but there are gaps every time the treatment period expires. For example, the treatment

period expired the last time in either January or February, 2008, and he was not able to get it restored until October, 2008. He testified that he experienced problems from low blood sugar during the nine month period he was not receiving treatment.

Nurse Tara Patton testified under oath from the Plaintiff's medical records. She noted that multiple glucose tolerant tests had been conducted. Some showed normal results, while others showed low blood sugar. She testified that treatment for the condition is hypercaloric snacks. She could not explain why there was no entry stating that the condition was a continuing medical need. On the other hand, the entries ordering treatment for twelve month periods of time were consistent with normal practices. At the end of the twelve month period of time, a patient's condition will be reevaluated in order to determine whether the treatment should be continued.

At the conclusion of the *Spears* hearing, the Court concluded that the Plaintiff should be permitted to proceed with his deliberate indifference claims against Dr. Orig (docket entry #26).

## Dr. Orig's Motion for Judgment on the Pleadings

Defendant Orig filed a motion for judgment on the pleadings (docket entry #87) on October 13, 2009.[1] He noted that the standard for dismissal under Rule 12(c) is the same as that for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). He argued that the Plaintiff's allegations do not support an Eighth Amendment claim of deliberate indifference; instead, the claims are clearly in the nature of negligent treatment. He argued that the Plaintiff's failed to state a claim upon which relief may be granted regarding injunctive relief since

---

[1] Note that the Scheduling Order gave the parties a deadline of September 21, 2009, to file motions for summary judgment. On September 1, 2009, the Court granted the Defendant's motion for an extension of time to submit a motion for summary judgment to October 21, 2009. Instead of filing a motion for summary judgment, the Defendant chose to file a motion for judgment on the pleadings.

the Plaintiff was transferred to the Telford Unit. The Defendant argued that he is an improper party for injunctive relief. He argued that he may not be sued for damages in his official capacity in light of the Eleventh Amendment. He finally argued that the Plaintiff has failed to overcome his enjoyment of qualified immunity. The Defendant's arguments will be fully discussed in the Discussion and Analysis section of this Memorandum Opinion.

Plaintiff's Response

The Plaintiff filed a response (docket entry #92). He asserted that he was filing a response to a motion for summary judgment, although the motion actually filed was a motion for judgment on the pleadings. The Plaintiff used summary judgment standards in his response. His response will be analyzed in the context of a response to a motion for judgment on the pleadings. His arguments will be fully discussed in the Discussion and Analysis Section of this Memorandum Opinion.

Discussion and Analysis

The Defendant correctly noted that the Fifth Circuit has held that the standard for dismissal under Rule 12(c) is the same as that for a dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d at 529. The Supreme Court recently held that to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In order to give the Plaintiff an opportunity to fully develop his claims, the Court conducted the evidentiary hearing in accordance with *Spears v. McCotter*, *supra*. "In such circumstances, the *Spears* hearing testimony, modifying the complaint, bears on the evaluation of the legal sufficiency of the claim." *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996). It is noted that the Defendant's motion for judgment on the pleadings did not address the Plaintiff's testimony at the *Spears* hearing.

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *See also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

In the present case, the Plaintiff testified that he was diagnosed with hypoglycemia in 2004. Dr. Kuykendall diagnosed the condition before Dr. Orig was ever involved in treating the Plaintiff. Dr. Kuykendall admitted that he had neglected to record the Plaintiff's condition as a continuing medical need when treatment was ordered. If the facts of this case were limited to these facts, then the case could be characterized as merely a negligence claim.

The Plaintiff, however, provided testimony as to why the case went beyond mere negligence to a potentially meritorious claim of deliberate indifference. Dr. Orig examined the Plaintiff and had blood tests run, which revealed that the Plaintiff had low blood sugar and was a borderline diabetic. Dr. Orig ordered treatment, but he also failed to record the Plaintiff's condition as a continuing medical need. The Plaintiff explained that the failure was significant because when the treatment period expired, he had start the process all over again in order to be placed back on the list for treatment. Dr. Orig failed to make the entry after the problem was brought to his attention. The Plaintiff emphasized that he had to go without treatment for several months every time the treatment

5

period expired. For example, the treatment period expired the last time in either January or February, 2008, and he was not able to get it restored until October, 2008. He testified that he experienced problems from low blood sugar during the nine month period he was not receiving treatment. The situation went beyond mere negligence because Dr. Orig was made aware of the problem and he still permitted the Plaintiff to experience problems associated with low blood sugar for months at a time because he persisted in failing to record the condition as a continuing medical need. The facts as presented by the Plaintiff went beyond mere negligence and rose to the level of deliberate indifference. The facts as alleged and developed were sufficient to state a claim upon which relief may be granted. The Defendant's present Rule 12(c) motion regarding the claim of deliberate indifference lacks merit.

The Defendant next argued that he was not the appropriate person to sue for injunctive relief since the Plaintiff was recently moved to the Telford Unit. He also argued that he is entitled to Eleventh Amendment immunity to the extent he was sued in his official capacity for monetary damages. The two arguments overlap somewhat. The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). For purposes of civil rights litigation, the Supreme Court has held that neither a State nor a state official acting in his official capacity is a "person" under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). The Fifth Circuit has made it clear that the "Eleventh Amendment bars recovering § 1983 money from TDCJ officers in their official capacity." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). On the other hand, a lawsuit may be "brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar v. Texas Department of*

6

*Criminal Justice*, 160 F.3d 1052, 1053-54 (5th Cir. 1998). To the extent that the Plaintiff is suing the Defendant in his official capacity, he may seek declaratory and injunctive relief but he may not obtain compensatory and punitive damages. He may seek damages against the Defendant to the extent that he has sued him in his individual capacity. The Defendant failed to develop the legal argument that the Plaintiff could not obtain injunctive relief against him. However, the Plaintiff's claim against the Defendant in his official capacity is actually a claim against the state, through its agent, and the issuance of injunctive relief would be against the state regardless of the person named as an agent. The transfer of the Plaintiff to the Telford Unit did not moot the issue when the violation of his constitutional rights was "capable of repetition yet evading review." *See Oliver v. Scott*, 276 F.3d at 741.

The final issue is qualified immunity. The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 614 (1999). The doctrine of qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

The Supreme Court mandated that courts must employ a two-step sequence in evaluating whether government officials are entitled to qualified immunity claims in *Saucier v. Katz*, 533 U.S. 194 (2001). First of all, courts are required to resolve a "threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a

constitutional right? This must be the initial inquiry." *Id.* at 201. Second, if the plaintiff has satisfied the first step, courts are required to decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* The Supreme Court recently revisited *Saucier v. Katz* in *Pearson v. Callahan*, 129 S.Ct. 808 (2009). The Court held that "experience supports our present determination that a mandatory, two-step rule for resolving all qualified immunity claims should not be retained." *Id.* at 817. The Court went on to hold that "while the sequence set forth in [*Saucier*] is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818. The Fifth Circuit subsequently cited *Pearson v. Callahan* for the proposition that lower courts have the discretion to decide which of the two prongs should be addressed, but noted that the traditional *Saucier* formulation is often times appropriate. *Collier v. Montgomery*, 569 F.3d 214, 217-18 (5th Cir. 2009).

In the present case, the facts as alleged and developed state a potentially meritorious claim of deliberate indifference. The Plaintiff alleged facts sufficient to satisfy the first prong in the qualified immunity analysis. The Plaintiff's rights were clearly established at all times applicable in this case. In light of the facts as alleged and developed, the conduct attributed to the Defendant cannot be viewed as objectively reasonable. For purposes of Rule 12(c), the Defendant is not entitled to have the claims against him dismissed based on the second prong in the qualified immunity analysis.

In conclusion, the Defendant is entitled to judgment on the pleadings to the extent that the Plaintiff has sued him for monetary damages in his official capacity. The Defendant's motion for judgment on the pleadings should otherwise be denied. It is again noted that the Defendant was given a deadline of October 21, 2009, to file a motion for summary judgment. He chose to forego pursuing

that option, thus the next step in the proceedings with respect to Defendant Orig is the trial.  It is accordingly

**ORDERED** that Defendant Orig's motion for judgment on the pleadings (docket entry #87) is **GRANTED**, in part, and **DENIED**, in part.  It is further

**ORDERED** that the Plaintiff's claims against Defendant Orig in his official capacity for damages is **DISMISSED** prejudice.

**So ORDERED and SIGNED this 28th day of October, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE