IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID J. DAVIS, JR., #582332 § | | |
| A.K.A. THUNDER CLOUD DAVIS § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 6:08cv79 |
| § | | |
| CHERYL KYLE, ET AL. § | | |

MEMORANDUM OPINION AND ORDER

Plaintiff David J. Davis, Jr., a.k.a. Thunder Cloud Davis, a prisoner previously confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c). The present Memorandum Opinion concerns the Plaintiff's motion for summary judgment (docket entry #70) and Defendant Dr. Orig's response (docket entry #74).

Plaintiff's Factual Claims Involving Dr. Orig

The complaint was filed on March 11, 2008. On June 10, 2009, the Court conducted an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The Plaintiff testified that he was diagnosed with hypoglycemia in 2004, but Dr. Kuykendall failed to record the diagnosis as a continuing medical need in his medical records. It is noted that Dr. Kuykendall testified that he neglected to record the Plaintiff's condition as a continuing medical need in the trial of *Davis v. DeFoor*, Civil Action No. 6:05cv242. The Plaintiff testified that treatment in the form of snacks was discontinued because the diagnosis was not

1

recorded. The Plaintiff testified that Dr. Orig subsequently reordered the treatment, but he likewise failed to record the Plaintiff's condition as a continuing medical need in the medical records. The Plaintiff stressed that his condition has never been recorded as a continuing medical need, and he wants the diagnosis to be placed in his medical records.

The Plaintiff testified that Dr. Orig has examined him on several occasions. He ordered tests, and blood tests showed that he had low blood sugar and was a borderline diabetic. He sued Dr. Orig because he likewise failed to record his condition as a continuing medical need. Instead, Dr. Orig only ordered treatment for twelve month periods of time. In answer to a question about why it was significant to record the condition as a continuing medical need since treatment was ordered, the Plaintiff explained that treatment was discontinued when the twelve month period expired. He then had to start the process all over again in order to be placed back on the list for treatment. In 2008, he did not receive snacks for nine months. The Plaintiff argued that Dr. Orig was deliberately indifferent, as opposed to just being negligent, because he brought the problem to Dr. Orig's attention and Dr. Orig failed to correct the problem.

## Plaintiff's Motion for Summary Judgment

The Plaintiff filed his motion for summary judgment (docket entry #70) on September 22, 2009. He repeated the basic facts as presented in his complaint and developed during the *Spears* hearing. He argued that these facts reveal that Dr. Orig was deliberately indifferent. He also argued that Dr. Orig was not entitled to qualified immunity or absolute immunity. He did not support his motion with any attachment or exhibits. He likewise failed to cite anything in the record to support his motion.

## Dr. Orig's Response

Dr. Orig filed a response to the Plaintiff's motion for summary judgment (docket entry #74) on September 25, 2009. In support of his response, he attached an affidavit from Dr. Monte K. Smith, the Northeast District Medical Director with the University of Texas Medical Branch - Correctional Managed Care Division. He argued that the Plaintiff has not shown that he is entitled to summary judgment because he failed to support the motion with competent summary judgment evidence, as required by Fed. R. Civ. P. 56(b). He also argued that the Plaintiff's factual allegations do not support an inference of deliberate indifference, and he added that the Plaintiff failed to show any injuries due to a failure to receive snacks.

Dr. Smith asserted in his affidavit that hypoglycemia is a non-life-threatening condition, although it may cause symptoms including dizziness, fatigue, anxiety, irritability, hunger, headache, sweating or tremulousness. He asserted that there is no objective evidence that snacks provide an effective treatment for hypoglycemia. He noted that even though there is no objective evidence that snacks provide effective treatment, snacks are unlikely to cause harm and may provide some benefit in reducing symptoms. He further noted that the Plaintiff was being provided snacks and that there was no evidence that he was harmed when he was not provided snacks.

Dr. Orig concluded his response by again arguing that the Plaintiff is not entitled to summary judgment because he did not establish with competent summary judgment evidence that any of his rights were violated. He further argued that the Plaintiff failed to overcome his entitlement to qualified and official immunity with competent summary judgment evidence.

## Discussion and Analysis

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48. In making this threshold inquiry, the Court must consider that "[s]ummary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Smith v. Xerox Corp.,* 866 F.2d 135, 137 (5th Cir. 1989) (citations omitted); Fed. R. Civ. P. 56(c).

Once the movants make a showing that there is no genuine material fact issue to support the nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); *see also Celotex*, 477 U.S. at 324. Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of

material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson*, 477 U.S. at 257. Summary judgment is proper if the affidavits, depositions, answers, and admissions on file fail to establish the existence of an element essential to the plaintiff's case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. The nonmovant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

In the present case, Dr. Orig correctly argued that the Plaintiff failed to support his motion for summary judgment with competent summary judgment evidence. As such, the Plaintiff is not entitled to summary judgment.

Furthermore, with respect to the issue of whether Dr. Orig was deliberately indifferent to his serious medical needs, the Plaintiff had to show with competent summary judgment evidence that Dr. Orig knew of and disregarded an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Plaintiff's motion did not go beyond mere allegations. By comparison, Dr. Orig supported his response with competent summary judgment evidence disputing the issue of whether the Plaintiff had an excessive risk to his health or safety when he was denied snacks. There are disputed issues of material facts as to whether the Plaintiff had an excessive risk to his health or safety and whether Dr. Orig knew of such excessive risk and disregarded it. The Plaintiff is not entitled to summary judgment.

As a final matter, the Plaintiff asserted that Dr. Orig was not entitled to absolute immunity or qualified immunity. Dr. Orig properly noted that the defenses are actually qualified and official

5

immunity. The Court notes, however, that Dr. Orig did not present these defenses in his own motion for summary judgment. It was unnecessary for the Plaintiff to discuss the defenses in the present motion. Instead, it would have been necessary for him to counter such claims if Dr. Orig had filed a motion for summary judgment, which he chose not to do. It is therefore

**ORDERED** that the Plaintiff's motion for summary judgment (docket entry #70) is **DENIED**.

**So ORDERED and SIGNED this 30th day of October, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE